UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:76-cr-082 JD |
| WILLIE ROBINSON, SR. | |

## OPINION AND ORDER

Defendant Willie Robinson is currently serving a seven-year term of imprisonment for one count of participating in a narcotics conspiracy in violation of 21 U.S.C. § 846 and one count of distributing heroin in violation of 21 U.S.C. § 841(a). This sentence was to each count of conviction, to run concurrently, and was imposed on October 15, 1976. Mr. Robinson began serving this federal sentence in July 2020. The delay is the result of the fact that while out on an appeal bond in this matter, Mr. Robinson was charged and convicted in Illinois state court of aggravated kidnapping, attempted murder, and murder. Mr. Robinson received a life sentence for these convictions but was granted parole, released from state custody, and immediately taken into federal custody to serve this undischarged sentenced. He is currently housed in FCI Oakdale I with a projected release date of September 10, 2025. On January 6, 2021, through counsel, Mr. Robinson filed a motion for compassionate release and a request to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of the COVID-19 virus, his age, and his medical conditions. [DE 9]. The government responded in opposition, arguing that Mr. Robinson has not presented extraordinary and compelling reasons warranting compassionate release, and the § 3553(a) factors do not favor release. [DE 19]. Mr. Robinson filed a reply. [DE 21]. The government also filed a notice of Mr. Robinson's COVID-19

1

vaccination status with records indicating that on April 8, 2021, he was offered the Pfizer COVID-19 vaccine and refused it. [DE 22, 24].

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commissions, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The application notes to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. Those include when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison. U.S.S.G. § 1B1.13 n.1. They also include when a defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process and has served at least 10 years or 75% of his term of imprisonment, whichever is less. Because Mr. Robinson submitted a request to the Warden at least 30 days before filing his motion with the Court, pursuant to § 3582(c)(1)(A) [DE 9-1 at 1–5], the Court reviews the merits of the motion.

First, the Court does not find that extraordinary and compelling reasons warrant compassionate release, home confinement, or a reduction in sentence here. In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, 2020 WL 3097461, at *5 (N.D. Ind. June

11, 2020); *see also United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic).

Mr. Robinson is now 72 years old. The Centers for Disease Control ("CDC") reports that the risk of severe illness from COVID-19 increases with age, and that while the greatest risk of severe illness is among those aged 85 or older, adults aged 65 and older have increased risk.[1] Mr. Robinson is within this age range. In his motion, Mr. Robinson also notes that as a non-Hispanic black person, he is in a group that has a higher hospitalization rate than other racial groups.[2]  He also asserts that he has other significant medical conditions warranting release including that he smoked cigarettes for 32 years, was diagnosed with Hepatitis C, and has moderate scarring on his liver. The CDC has listed being a former smoker as a condition that can make a person more likely to get severely ill from COVID-19.[3] The CDC has also indicated that a person with

---

[1] *See Older Adults*, Centers for Disease Control and Prevention, (May 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.
[2] *See Disparities in Hospitalizations*, (May 17, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/racial-ethnic-disparities/disparities-hospitalization.html.
[3] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

Hepatitis C might be at increased risk for severe illness from the virus.[4] Mr. Robinson has submitted medical records with his motion, which seem to exhibit that his health conditions are being treated and managed while incarcerated. [DE 12].

Additionally, the BOP reports Oakdale I FCI currently has zero inmates and one staff member who are positive for COVID-19 and Oakdale II FCI currently has four inmates and zero staff members testing positive.[5] These low number of cases show that the facilities' precautions are working to mitigate the spread of the virus. Of course, that cannot guarantee that the number of positive inmates will not increase in the prison, and some prisons have experienced outbreaks despite those precautions. Still, Mr. Robinson's location at Oakdale I and the precautions it has taken reduce those risks. Lastly, the BOP has reported that it is in the process of distributing and administering the COVID-19 vaccine to staff and inmates under the guidance of the CDC. As of May 24, 2021, the BOP has administered 179,796 doses of the vaccine.[6] More specifically, as of May 24, Oakdale FCC (Oakdale I and II) has 1,046 inmates and 139 staff members fully inoculated.[7] This means roughly sixty percent of the inmate population at Oakdale FCC is fully inoculated.[8] Mr. Robinson was offered the administration of the COVID-19 vaccine on April 8, 2021, and refused it. [DE 22, 24]. No reason for his refusal has been provided to the Court.

Most courts have held vaccine refusal against defendants moving for compassionate release. *See United States v. Greenlaw*, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) (collecting cases). While it is of course Mr. Robinson's right to refuse medical treatment, he

---

[4] *See What to Know About Liver Disease and COVID-19*, Centers for Disease Control and Prevention, (Feb. 8, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html.
[5] *See Covid-19 Coronavirus*, Federal Bureau of Prison, (May 24, 2021), https://www.bop.gov/coronavirus/.
[6] *Id.*
[7] *Id.*
[8] Oakdale I currently houses 817 total inmates and Oakdale II currently houses 919 inmates. *FCI Oakdale I*, Federal Bureau of Prison, https://www.bop.gov/locations/institutions/oak/, (last visited May 24, 2021); *FCI Oakdale II*, Federal Bureau of Prison, https://www.bop.gov/locations/institutions/oad/, (last visited May 24, 2021).

cannot simultaneously claim that he must be released because of the risk of complications from a virus while refusing a vaccine that could virtually eliminate that risk. *See, e.g.*, *United States v. Toney*, 2021 WL 1976804, at *1 (N.D. Ind. May 18, 2021); *United States v. Lohmeier*, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("In declining vaccination (twice), [defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."). This Court agrees with the overwhelming majority of cases that refusal to be vaccinated weighs heavily against compassionate release. The Court also notes, that while Mr. Robinson may not be vaccinated, the risk of the virus spreading through his facility and infecting him has likely declined given the high percentage of fully immunized inmates in his facility.[9] This, too, weighs heavily against release.

Although Mr. Robinson's age is somewhat mitigating, the Court finds that the nature of his medical conditions is not so serious to be considered extraordinary and compelling. While Mr. Robinson is older than 65, as noted in U.S.S.G. § 1B1.13, he is not experiencing a serious deterioration in physical or mental health because of the aging process and has not served 75% of his term of imprisonment. Further, because of Mr. Robinson's refusal of the vaccination without reason and the significant population of vaccinated inmates in his facility, the Court cannot find that extraordinary and compelling reasons warrant compassionate release or a sentence reduction. Section 3582(c) provides the only mechanism for modifying Mr. Robinson's sentence to home confinement since the Court cannot control the BOP's placement decisions, and because he is not entitled to relief under that provision, the Court cannot grant that request.

---

[9] *See Key Things to Know,* Centers for Disease Control and Prevention, (May 23, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html

Despite the seriousness of his crimes, the Court does not regard the § 3553(a) factors as weighing against release. Given his advanced age and that these crimes are more than forty years old the Court does not consider him especially likely to recidivate. Mr. Robinson has indicated he has strong family support, including his sisters, brothers, a cousin, and sons and if released, he would move to Mississippi with his son or sister. As positive as this is, Mr. Robinson has not established that extraordinary and compelling reasons warrant compassionate release or a sentence reduction.

For those reasons, the Court DENIES Mr. Robinson's motion to modify his term of imprisonment. [DE 9].

SO ORDERED.

ENTERED: May 26, 2021

/s/ JON E. DEGUILIO  
Chief Judge  
United States District Court