UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:76-cr-00082 JD |
| WILLIE ROBINSON, SR. | |

## OPINION AND ORDER

Before the Court is Defendant Willie Robinson's renewed motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Mr. Robinson is currently serving a seven-year term of imprisonment for one count of participating in a narcotics conspiracy in violation of 21 U.S.C. § 846 and one count of distributing heroin in violation of 21 U.S.C. § 841(a). This sentence was to each count of conviction, to run concurrently, and was imposed on October 15, 1976. Mr. Robinson began serving this federal sentence in July 2020.[1] He is currently housed in FCI Oakdale I with a projected release date of September 10, 2025. On January 6, 2021, through counsel, Mr. Robinson filed a motion for compassionate release and a request to modify his term of imprisonment pursuant to § 3582(c)(1)(A) due to the threat of the COVID-19 virus, his age, and his medical conditions. [DE 9]. On May 26, 2021, the Court denied Mr. Robinson's motion, finding compassionate release or a reduction in sentence was not warranted because his medical conditions were not so serious to be considered extraordinary and compelling and his refusal to receive the COVID-19 vaccine weighed heavily against release. [DE 26].

---

[1] The delay is the result of the fact that while out on an appeal bond in this matter, Mr. Robinson was charged and convicted in Illinois state court of aggravated kidnapping, attempted murder, and murder. Mr. Robinson received a life sentence for those convictions but was granted parole, released from state custody, and immediately taken into federal custody to serve this undischarged sentenced.

1

On August 13, 2021, Mr. Robinson, through counsel, filed a renewed motion to modify his term of imprisonment. [DE 27]. Since the Court's previous denial, Mr. Robinson was diagnosed with Stage 2-3 liver cancer. *Id.* at 1. Mr. Robinson had a medical encounter with FNP Cheryl Laws on July 29, 2021. At that time, he complained of diffuse abdominal pain, which he experienced for the two preceding weeks. [DE 30 at 9]. Mr. Robinson reported decreased appetite, stating "it hurts when I eat," and significant changes in his bathroom habits. *Id.* He further reported his symptoms worsening, and he experienced intermittent episodes of bright red blood in his urine. *Id.* Subsequent testing ensued and a report by Dr. Robert Lamme from a July 30, 2021 notes that Mr. Robinson "came into the emergency room where a CT scan showed multiple buckshot and cannonball lesions of the liver, distended gallbladder, and what appears to be a mass at the head of the pancreas." *Id.* at 81. Dr. Lamme further notes the CT scan shows "what appears to be metastatic disease to the liver." *Id.* at 82. An administrative note from Dr. Richard Griffin, completed on August 6, 2021, indicates that the biopsy completed on August 2, 2021 returned positive for cancer. *Id.* at 3. "Metastic work up shows lesions of pancreas and liver without ascites." A note from August 9, 2021, shows that surgery is planned, the family has been informed of his diagnosis, a transfer was requested, and medically speaking, it appears to be "Stage 2-3" liver cancer. *Id.* at 2.

In the government's response, it notes that because Mr. Robinson's offenses occurred prior to November 1, 1987, § 3582(c) is inapplicable, and only the Bureau of Prisons ("BOP") may move for compassionate release on the defendant's behalf.[2] Mr. Robinson has not filed a reply to the government's response. When Mr. Robinson's offenses occurred in 1976, the authority for compassionate release derived from 18 U.S.C. § 4205(g). That statute states, "[a]t

---

[2] In its opposition to Mr. Robinson's first motion for compassionate release, the government did not make this argument. [DE 19].

any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served." 18 U.S.C. § 4205(g). Congress later replaced § 4205(g) with § 3582(c)(1)(A) as part of the Sentencing Reform Act of 1984 ("SRA"). Pub. L. No. 98–473, §227, 98 Stat. 1837 (1984). The SRA took effect on November 1, 1987. *See* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (amending effective date from 24 to 36 months following the date of enactment). Just like § 4205(g), the SRA originally empowered only the BOP to bring a compassionate release motion on a defendant's behalf. But then Congress enacted the First Step Act of 2018 ("FSA"). Pub. L. No. 115-391,132 Stat 5194 (2018). The FSA amended § 3582(c)(1)(A) to additionally enable district courts to grant compassionate release upon a defendant's motion, subject to certain administrative exhaustion requirements.

Section 4205(g) "was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date. For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. 3582(c)(1)(A)." 28 C.F.R. § 572.40. *See also United States v. Matta-Ballesteros*, 2021 WL 531549, at *1 (9th Cir. Feb. 12, 2021); *United States v. Faul*, 2021 WL 965311, at *2 (D.N.D. March 15, 2021) (unpublished). Therefore, relief under § 3582(c)(1)(A) is not available to Mr. Robinson. *See United States v. Jackson*, 991 F.3d 851, 852 (7th Cir. 2021) ("People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses . . ."); *United States v. Scarbrough*, 2019 WL 2482710, at *1 (N.D. Ind. June 14, 2019) ("Amendments to the SRA explicitly provide that section 3582(c) would apply only to offenses occurring after its effective date.").

Because Mr. Robinson is serving a term of imprisonment that was imposed in 1976, the provisions of § 3582(c) do not apply to him and he cannot petition the Court directly for compassionate release or a reduction in his sentence. Therefore, as required by § 4205(g), in order for Mr. Robinson to seek compassionate release or a reduction in his sentence, he must petition the BOP to move the Court on his behalf. Since § 4205(g) applies to him and the BOP has not filed a motion on his behalf, the Court lacks jurisdiction to consider the motion. For those reasons, the Court DENIES WITHOUT PREJUDICE Mr. Robinson's renewed motion to modify his term of imprisonment. [DE 27].

SO ORDERED.

ENTERED: October 1, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court